**MANDATE**

18-3090-cv
*Murphy v. City of Newburgh*

N.Y.S.D. Case #
16-cv-9372(JCM)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand nineteen.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 24 2019

---

HELEN MURPHY,
    *Plaintiff-Appellant*,

    v.    No. 18-3090-cv

CITY OF NEWBURGH,
    *Defendant-Appellee.*

---

Appearing for *Plaintiff-Appellant*:    MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY.

Appearing for *Defendant-Appellee*:    MATTHEW MEHNERT (Richard K. Zuckerman, *on the brief*), Lamb & Barnosky, LLP, Melville, NY.

1

MANDATE ISSUED ON 10/24/2019

Appeal from a judgment of the United States District Court for the Southern District of New York (McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Helen Murphy appeals from the judgment of the United States District Court for the Southern District of New York entered September 27, 2018 granting summary judgment in favor of the Defendant-Appellee City of Newburgh ("the City"). We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

The following facts are undisputed. The City employed Murphy, an African-American woman, as the Tax Collector in May 2015. Murphy underwent training and received staff support as she adjusted to her new position, but she struggled to complete some of her duties in a timely and accurate manner. In August 2015, Murphy complained to City Manager Michael Ciaravino about the conduct of her supervisor, City Comptroller John Aber. Ciaravino initiated an investigation, and thereby Aber learned about Murphy's complaint.

In October, Aber gave Murphy a negative job performance review and issued her a written Counseling Form.  The parties agree that Murphy's performance issues continued after the October meeting, but they dispute the cause of her struggles.  Murphy contends that Aber issued the Counseling Form in response to her August complaint and that he subsequently withdrew her staff support.  The City maintains that, despite training and assistance, Murphy was unable to perform her job requirements satisfactorily.  In December, Aber recommended in writing that Ciaravino terminate Murphy's probationary employment.  Ciaravino ultimately fired Murphy in January 2016.

Murphy filed a complaint with the New York State Division of Human Rights and later brought this lawsuit, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).  The District Court granted the City summary judgment on each count.  Murphy appeals only the District Court's determination that she failed to demonstrate that the City fired her in retaliation for her internal complaint.

We review *de novo* a grant of summary judgment to determine whether the district court properly concluded that there was no issue of material fact and that the moving party was entitled to judgment as a matter of law.  *Myers v. Patterson*,

3

819 F.3d 625, 632 (2d Cir. 2016). We view the record in the light most favorable to the nonmoving party, "resolving all ambiguities and drawing all factual inferences in plaintiff's favor as the nonmoving party." *Id.*

This Court evaluates Title VII retaliation claims under the same three-step burden shifting analysis as Title VII discrimination claims. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973) (articulating the three-step analysis). First, the plaintiff must establish a *prima facie* case of retaliation by showing that "(1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). If the employee establishes a *prime facie* case, the burden shifts to the employer to provide a non-retaliatory rationale for the adverse action. *Cox v. Onondaga Cnty. Sheriff's Dept.*, 760 F.3d 139, 145 (2d Cir. 2014). "Once the employer has done so, the employee may prevail by demonstrating that the stated rationale is mere pretext." *Id.* In the course of demonstrating pretext, the employee must show that retaliation was a "but for" cause of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

4

An employee demonstrates "but for" causation by proving that "the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Murphy argues the District Court erred in ruling that she failed to establish a *prima facie* case of retaliation by failing to show element (1), that she had engaged in protected activity. Under Title VII, making an internal complaint of discrimination is "protected activity" when the employee can show a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *McMenemy v. City of Rochester*, 241 F.3d 279, 283 (2d Cir. 2001). The Court assesses reasonableness "in light of the totality of the circumstances" while keeping in mind that in order for a plaintiff to satisfy element (2) of the *prima facie* case, the employer must have "understood, or could reasonably have understood, that the plaintiff's [complaint] was directed at conduct prohibited by Title VII." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998).

Viewing the facts in the light most favorable to Murphy, *Myers*, 819 F.3d at 632, we review three accounts of Murphy's complaint to Ciaravino in determining whether Murphy has demonstrated that she engaged in protected activity. First, Murphy's written complaint to Ciaravino protests harsh treatment by Aber. She

5

makes no mention, however, of gender-based discrimination. Instead, Murphy said, "I'm very upset and feel bullied by my immediate supervisor . . . . I will not be harassed, intimidated, or bullied for voicing my opinion . . . . I do not want to lose my job because of repercussions due to the fact that I refuse to be bullied and I speak up against it!" J. App. 245. Murphy's written complaint does not allege that Aber treated her poorly based on her gender or any other protected class status, and thus it cannot qualify as "protected activity." *See Galdieri-Ambrosini*, 136 F.3d at 292 (determining that a complaint that "did not state that [the employee] viewed [the employer's] actions as based on her gender" could not support a finding that gender-based discrimination impermissibly influenced the employer's conduct).

In Murphy's deposition in this case, she says she reported to Ciaravino her concerns about Aber's "condescending" tone when speaking to her and other women in the office. J. App. 557–58. Finally, her affidavit responding to the City's motion for summary judgment says that she told Ciaravino that she observed Aber treating female staff in a "brusque and dictatorial manner" and "interact[ing] much more respectfully towards men in the workplace." J. App. 861 ¶8. Neither her deposition nor her affidavit provides any evidence of discrete acts of gender-

6

based discrimination. Nor do her statements come close to suggesting the existence of a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment" as would be necessary to establish that Murphy was the victim of a hostile work environment. *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Even viewed in the light most favorable to Murphy, nothing by way of deposition or affidavit testimony provides any details concerning the content of her communication with Ciaravino that could have "allowed [Ciaravino] to reasonably have understood[ ] that [Murphy's] opposition was directed at conduct prohibited by Title VII." *Kelly v. Howard I. Shapiro & Assoc. Consulting Eng'rs, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013). Ciaravino's decision to hire an investigator indicates only that Ciaravino took Murphy's complaint seriously. It does not show that Ciaravino understood that Murphy complained about gender-based discrimination that violated Title VII.

Murphy correctly points out that this Court does not "require[ ] a plaintiff to append to each allegation the conclusory declaration 'and this was done because of my sex,'" and instead allows "the allegation of factual circumstances that permit

7

the inference that plaintiff was subjected to a hostile work environment because of her sex." *Id.* at 15 (quoting *Gregory v. Daly*, 243 F.3d 687, 694 (2d Cir. 2001)). Murphy contends that she has met this standard, yet aside from her own statements, which we have reviewed above, she points to no factual evidence supporting such an inference. "Even in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment, and show more than 'some metaphysical doubt as to the material facts.'" *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586) (internal citation omitted).

We have considered Murphy's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8